**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0813n.06
Filed: October 5, 2005

No. 04-1579

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

GRANT ANDERSON, )
)
**Plaintiff-Appellant,** )     **ON APPEAL** FROM THE
)     UNITED STATES DISTRICT
v. )     COURT FOR THE EASTERN
)     DISTRICT OF MICHIGAN
CADER PUBLISHING, LIMITED; )
ROBERT DERDERIAN, )
)     **O P I N I O N**
**Defendants-Appellees.** )
)

Before: DAUGHTREY and MOORE, Circuit Judges, and ALDRICH,[*] District Judge.

**KAREN NELSON MOORE, Circuit Judge.** This is a dispute over a book-publishing

contract. It has remained in federal court due to the presence of a copyright-infringement claim.

Plaintiff-Appellant Grant Anderson ("Anderson"),[1] acting pro se, asserts that the district court erred

in granting summary judgment in favor of Defendants-Appellees Cader Publishing, Limited

("Cader") and Robert Derderian ("Derderian")[2] on Anderson's copyright-infringement claim, in

---

[*]The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

[1]Although Grant Anderson ("Anderson") is the only name listed in the caption, Anderson has identified himself at different points as "Jibril L. Ibrahim," "Jibril Luqman Ibrahim," and "Jibril Lugman Ibrahim." His appellate brief is signed with the latter name.

[2]For ease of reading, we will refer to Cader Publishing, Limited ("Cader") and Robert Derderian ("Derderian") together as "Defendants."

dismissing Anderson's breach of contract claim for lack of subject matter jurisdiction, and in dismissing Anderson's remaining claims for failure to state a claim on which relief can be granted. We **AFFIRM** the district court's order of summary judgment on the copyright-infringement claim, **VACATE** the judgment below with respect to the state-law claims, and **REMAND** the case to the district court for further proceedings consistent with this opinion.

Only a few facts are relevant to the present appeal. Taken in the light most favorable to Anderson, they can be summarized as follows. In late 1999, Anderson contracted with Cader to publish his manuscript, *Case Law Research Manual*, in book form. Cader published the book, but asserts that only a small number of copies were sold. R. 13 (Answer) at 3. After receiving little or no communication from Cader for a close to a year, Anderson brought suit in federal court, asserting six separate counts: (1) "BREACH OF A CONTRACT"; (2) "FRAUD OR MISREPRESENTATION"; (3) "UNLAWFUL CONVERSION OF FUNDS"; (4) "NEGLIGENCE AND GROSS NEGLIGENCE"; (5) "RESPONDEAT SUPERIOR"; and (6) "INVOLUNTARY TRANSFER OF OWNERSHIP OF COPYRIGHT FOR THE PURPOSE OF UNJUST ENRICHMENT" in violation of 17 U.S.C. § 201(d). R. 3 (Complaint) at 4-8.

The district court had jurisdiction over Anderson's copyright claim (Count 6) pursuant to 28 U.S.C. § 1338, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to grant summary judgment de novo, drawing all reasonable inferences in favor of the party opposing summary judgment. *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). Anderson's specific claim is that Defendants "unlawfully or involuntarily transferred ownership of plaintiff's copyrights, or attempted to transfer by applying to the Library of Congress for their own copyright to plaintiff's works . . . in order to effectuate an[d] facilitate a scheme to

2

unjustly enrich Cader Publishing Ltd., with plaintiff's funds." R. 3 (Complaint) at 8. The only support Anderson provides for his assertion is the following statement in his affidavit: "At no time did I sign any notes, conveyances, memorandums, etc. authorizing Defendants to **re-copyright** my book with the Library of Congress, at all pertinent times to this complaint." R. 27, Ex. 1 (Anderson Aff. at 2).

To prevail on a copyright-infringement claim, "a plaintiff must show: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Ellis v. Diffie*, 117 F.3d 503, 506 (6th Cir. 1999). Defendants do not dispute that Anderson owns a valid copyright for *Case Law Research Manual*. Cader Br. at 18. Here, the book itself indicates that both the original copyright and the second copyright are in the name of "Jibril Luqman Ibrahim," *See* R. 15, Ex. 5 (published copy of *Case Law Research Manual*), at Copyright Page, and Anderson has introduced no evidence suggesting that a second copyright (of the final book) under the same name as the original copyright (apparently of the manuscript form) would result in impermissible copying of Anderson's book.[3] Accordingly, Anderson's statement is not sufficient to establish a genuine issue of material fact as to copyright infringement. The district court did not err in granting summary judgment in favor of defendants on this claim. *See* FED. R. CIV. P. 56(c).[4]

---

[3] In his appellate brief, Anderson for the first time asserts that the infringement took place when his middle name was spelled in the second copyright — like in the original copyright — with a "q" (Luqman) rather than a "g" (Lugman). Even if Anderson had not waived this contention by failing to raise it in the court below, we would find that it lacked merit.

[4] Even if were to construe Anderson's complaint as asserting a more standard copyright-infringement claim, we would still be required to affirm the district court's grant of summary judgment to Cader. Anderson introduces no evidence of any copying other than that which took place pursuant to his contract with Cader to publish the book.

As to the breach of contract claim (Count 1), we review a dismissal for lack of subject matter jurisdiction de novo. *Howard v. Whitbeck*, 382 F.3d 633, 636 (6th Cir. 2004). Here, the district court had original jurisdiction over Anderson's copyright claim, and accordingly had supplemental jurisdiction over Anderson's remaining claims pursuant to 28 U.S.C. § 1367(a). Rather than dismissing the breach of contract claim pursuant to Federal Rule of Civil Procedure 12(b)(1), the district court should instead have considered whether to exercise its discretion, pursuant to 28 U.S.C. § 1367(c)(3), to decline to exercise supplemental jurisdiction.[5] As to the remaining claims (Counts 2 through 5), the district court on remand should determine whether to exercise supplemental jurisdiction prior to dismissing the claims under Rule 12(b)(6). *See Bell v. Hood*, 327 U.S. 678, 682 (1946).[6]

We **AFFIRM** the district court's order of summary judgment on the copyright infringement claim, **VACATE** the judgment below with respect to the state-law claims, and **REMAND** the case to the district court for further proceedings consistent with this opinion.

---

[5]We express no opinion as to whether the exercise of supplemental jurisdiction would be appropriate in this case.

[6]We express no opinion as to whether dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) would otherwise be proper in this case.